**In re Anthony T. ARMENI d/b/a Automobile Showcase, Debtor.**

**CARDELL ENTERPRISES CORP., Plaintiff,**

v.

**Anthony T. ARMENI d/b/a Automobile Showcase, Defendant.**

Bankruptcy No. 82–01423–BKC–JAG.
Adv. No. 82–1027–BKC–JAG–A.

United States Bankruptcy Court,
S.D. Florida.

April 29, 1983.

Arthur S. Weitzner, Miami, Fla., for plaintiff.

Raymond B. Ray, Benson, Ray & May, Fort Lauderdale, Fla., for debtor.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

A trial was held on March 14, 1983 on the complaint of Cardell Enterprises Corp. to determine the dischargeability of a debt to it. The debt arose out of the consignment of an automobile by plaintiff to Automobile Showcase, the debtor's auto sales company. The court concludes that the debt is nondischargeable.

In early 1981 Carmine Dellapietro, vice president of plaintiff Cardell, consigned a 1967 jeep to Automobile Showcase for resale (Plaintiff's Exhibit No. 1 and Defendant's Exhibit A). The defendant did not personally accept the consignment. That aspect of the transaction was handled by Henry Davis, who worked for the defendant, and with whom Mr. Dellapietro subsequently had some correspondence. Only Dellapietro and Armeni testified at trial. There are substantial fact issues in this case and to a large extent the court has had to base its findings on its assessment of the credibility of each witness's story.

It is undisputed that the jeep was sold by defendant for $2,500 to a purchaser from the Bahamas. Because a new certificate of title could be issued in the Bahamas from the bill of lading, plaintiff was never required to deliver its certificate of title. The proceeds of the sale were deposited in the debtor's general business checking account which was depleted without any payment to plaintiff.

Plaintiff contends that the defendant had no authorization to sell the auto for $2,500. Dellapietro testified that he signed the consignment form leaving the asking price blank, and that the amount "$2,500 or best offer" was filled in later without authorization. Dellapietro explained that he did not receive a copy of the consignment form at the time he signed it but that the copy was mailed to him later. Although Armeni testified that the jeep was hardly worth $2,500 and that no consignment form would be signed in blank, he had no personal knowledge regarding the signing of the form.

While some aspects of Dellapietro's story raised questions, it is supported by photocopies of letters he wrote to Davis protesting the insertion of the $2,500 price and discussing a price that would be acceptable to plaintiff. (Plaintiff's Exhibits Nos. 3 and 4). It cannot be discerned from an examination of the physical evidence whether or not the amount was inserted later. Taking all the conflicting evidence into consideration, the court finds that plaintiff did not authorize the jeep to be sold for $2,500 at the time the consignment form was signed or at any time prior to the sale. A letter was sent to plaintiff confirming that the auto had been sold (Plaintiff's Exhibit No. 5) but the letter makes no reference to any approval by plaintiff prior to the sale.

The court concludes that the debt is nondischargeable under § 523(a)(6) as a debt "for willful and malicious injury . . . to the property of another entity" because of the debtor's failure to segregate the funds, whether or not he had the intention from the inception of the transaction of depriving plaintiff of the funds. It was an intentional act by the debtor which could have and ultimately did deprive plaintiff of funds that belonged to it and were only being held for it by the debtor. Because the court finds that plaintiff had not agreed to the price at which the car was sold, it is necessary to determine the actual value of the jeep, which would be the amount of the debt owed to plaintiff. In addition to the two witnesses' own evaluations of the worth of the auto, Dellapietro testified that Automobile Showcase had received an offer of $3,500 prior to the sale which was completed. Although Armeni denies that, Dellapietro's letter refusing that offer lends credence to Dellapietro's testimony (Plaintiff's Exhibit No. 4). The circumstances of the sale, including the convenient fact that the sale was made to a purchaser who did not require a transfer of title, lead the court to conclude that the sale was made at a price lower than that which might otherwise have been obtained. The court finds that the reasonable value of the automobile was $3,500 but that defendant's ten percent commission should be deducted from that amount because plaintiff clearly desired that the jeep be sold, and had agreed to defendant's commission. The debt of Anthony Armeni to Cardell Enterprises Corp. in the amount of $3,150 will not be discharged.

Pursuant to Rule 921(a), a separate Final Judgment incorporating these Findings and Conclusions is being entered this date.